# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLSA F. HOLLIE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-475-JWD-SDJ** |
| **ANDREW SAUL** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 18, 2022.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CHARLSA F. HOLLIE**                                     **CIVIL ACTION**

**VERSUS**                                                **NO. 20-475-JWD-SDJ**

**ANDREW SAUL**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Complaint in this matter was filed on July 21, 2020, by *pro se* Plaintiff, Charlsa F. Hollie, against Andrew Saul, Commissioner of the Social Security Administration.[1] Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff had 90 days, or until October 19, 2021, to serve Defendant. However, since initiating this litigation, Plaintiff has taken no action in this case, despite this Court's issuing a Scheduling Order on August 11, 2020.[2] As such, on October 29, 2021, this Court issued a Show Cause Order, noting that service had not yet been made on Defendant and instructing Plaintiff to file proof of service into the record on or before November 29, 2021.[3] The Show Cause Order also ordered Plaintiff to show cause, in writing, why claims against the Defendant "should not be dismissed under Rule 4(l) and (m) of the Federal Rules of Civil Procedure for lack of service and/or proof of service."[4] Plaintiff has not responded in any way to the Court's Order.

Rule 4(m) provides, in pertinent part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a

---

[1] R. Doc. 1.
[2] R. Doc. 2.
[3] R. Doc. 3.
[4] *Id.*

specified time." Local Civil Rule 41(b)(1)(A) provides that a civil action may be dismissed by the Court for lack of prosecution "[w]here no service of process has been made within 90 days after filing of the complaint." It has now been over 510 days since Plaintiff's Complaint was filed, and no service of process has been made on the Defendant.

As a practical matter, this case cannot proceed against Defendant if Plaintiff does not prosecute it. Plaintiff's failure to serve Defendant effectively deprives Defendant of the opportunity to defend himself against the allegations made against him.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Complaint be **DISMISSED without prejudice** pursuant to Rule 4 of the Federal Rules of Civil Procedure and Local Rule 41(b)(1)(A) for failure to serve and failure to prosecute. To the extent Plaintiff is entitled to any additional notice that her failure to timely serve Defendant in this action will result in dismissal of her claims, this Report and Recommendation provides such notice.

Signed in Baton Rouge, Louisiana, on January 18, 2022.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**